UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    CRIMINAL NO. 10-169 (RHK/JSM)

      Plaintiff,

v.                                           <u>REPORT AND
RECOMMENDATION</u>

SOLOMON FRANCIS DESJARLAIT,

      Defendant.

JANIE S. MAYERON, United States Magistrate Judge

The above matter comes before the undersigned upon defendant Solomon Francis Desjarlait's Pretrial Motion to Suppress Eyewitness Identifications [Docket No. 33], Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 34], Motion to Dismiss Indictment [Docket No. 35], Pretrial Motion for Production and Inspection of Grand Jury Transcripts [Docket No. 36] and Pretrial Motion to Suppress Statements, Admissions, and Answers [Docket No. 38].

Clifford Wardlaw, Assistant United States Attorney, appeared on behalf of the United States of America; Andrea George, Esq. appeared on behalf of defendant Solomon Francis Desjarlait, who was personally present.  The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Based upon the pleadings, the pre-hearing submissions and the post-hearing submissions, it is recommended that defendant's Pretrial Motion to Suppress Eyewitness Identifications [Docket No. 33], Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 34], Motion to Dismiss

Indictment [Docket No. 35],[1] Pretrial Motion for Production and Inspection of Grand Jury Transcripts [Docket No. 36] and Pretrial Motion to Suppress Statements, Admissions, and Answers [Docket No. 38] be denied.

## I.   **BACKGROUND**

Defendant, along with co-defendant Justin James Lussier, is charged by Superseding Indictment with one count of assault with intent to commit murder in violation of 18 U.S.C. §§ 2, 113(a)(1), 1151 and 1153(a), one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 2, 113(a)(3), 1151 and 1153(a), and with one count of bodily assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 2, 113(a)(6), 1151 and 1153(a).  See Docket No. 41.

Initially, defendant, alone, was charged by Criminal Complaint on June 1, 2010 with assault with intent to commit murder.  See Docket No. 1.  On June 8, 2010, a preliminary and detention hearing was held before Magistrate Judge Susan Nelson, at which time probable cause was found and defendant was ordered detained.  See Docket No. 6 (Minutes dated June 8, 2010).

On June 9, 2010, Federal Defender Investigator Timothy Trebil conducted interviews of witnesses in the case.  See Def. Ex. 2 (Investigative Report of Timothy Trebil dated June 10, 2010).  Investigator Trebil approached Justin Lussier and explained who he was and that he wanted to speak to Lussier about information that Investigator Trebil had learned indicating that Lussier was the one who stabbed the victim in this case.  Lussier stated he was willing to speak with Investigator Trebil.  Id.

---

[1]     On August 19, 2010, a Superseding Indictment was filed.  See Docket No. 41.  At the motions hearing on August 24, 2010, defendant orally amended his Motion to Dismiss Indictment into a motion to dismiss the Superseding Indictment.

Lussier stated to Investigator Trebil that he was the one who had stabbed the victim, not defendant Desjarlait. Id. Investigator Trebil asked Lussier if he understood the implications of this statement, and Lussier stated that he understood. Id. Investigator Trebil told Lussier that he would be taking the information to law enforcement as soon as possible, and Lussier said that was fine. Id. Lussier indicated that he had not been pressured to make this statement, and that he felt bad that someone was in jail for something they did not do. Id. Investigator Trebil then documented Lussier's statement by conducting a recorded interview, in which Lussier confessed to stabbing the victim. Id.[2] Later the same day, Investigator Trebil contacted the FBI agent in charge of the case to make sure they received a copy of his report. Def. Ex. 3 (Transcript of Reconsideration of Detention), p. 16.

On June 9, 2010, defendant filed a Motion For Release Based On Newly Discovered Evidence [Docket No. 7] and on June 10, 2010, filed a motion to Open Preliminary Hearing [Docket No. 8]. A hearing was held on June 11, 2010 before Magistrate Judge Nelson. See Docket No. 12 (Minutes of June 11, 2010 hearing). At that hearing, Investigator Trebil testified as to what he had learned from Lussier and the recording of Lussier's statement to Investigator Trebil was received and reviewed by Magistrate Judge Nelson. At this hearing, the Government stated that after receiving Investigator Trebil's information, it had directed an FBI agent to locate Lussier and interview him. The agent found Lussier and took his statement, which was inconsistent with the statement he gave to Investigator Trebil. See Def. Ex. 3 (Transcript of

---

[2]     A copy of that recording was received at the motions hearing before this Court as Defense Exhibit 1.

Reconsideration of Detention), p. 23. However, the FBI agent was not available to testify at the hearing before Magistrate Judge Nelson.

After hearing the testimony, Magistrate Judge Nelson noted that her original decision to detain defendant was based entirely on the alleged facts of the crime, and expressed her concern about detaining defendant in light of the presence of a taped confession from another individual. See Transcript of Reconsideration of Detention, pp. 25-26. Ultimately, Magistrate Judge Nelson granted defendant's motion to reconsider detention and released defendant to a halfway house. Magistrate Judge Nelson scheduled defendant's motion to reopen the preliminary hearing for the week of June 21, 2010. Id., pp. 33-34.

Defendant was indicted four days later on June 15, 2010. See Docket No. 15. Prior to the issuance of the Indictment, Investigator Trebil was not called as a witness before the grand jury. Defendant also believes that Lussier was not called as a witness before the grand jury.

On August 19, 2010, a Superseding Indictment was issued by the Government. The only significant difference between the original Indictment and the Superseding Indictment was the addition of Justin Lussier as a defendant.

Defendant moved to dismiss the Indictment on the grounds that the Government failed to present significant exculpatory evidence to the grand jury and misled the grand jury about material facts in this case. Def. Mem. in Support, p. 2 [Docket No. 37]. Specifically, defendant believed that the Government failed to present evidence of the interview of Lussier who had confessed to the stabbing charged to defendant, and that

the Government did not call either Investigator Trebil or Lussier as a witness before the grand jury.  Id., p. 4.

At the pretrial motions hearing before this Court, defendant orally amended his motion and moved to dismiss the Superseding Indictment on the same grounds as the Indictment.  Defendant also requested that the transcripts of the grand jury proceedings leading to both the Indictment and the Superseding Indictment be disclosed or reviewed in camera by the Court in order to determine whether the Government had misled the grand jury and in fact, failed to present Lussier's confession.  Id., pp. 5-7.  At the hearing, the Court ordered the grand jury transcripts be disclosed for in camera review and the Government complied with this order.

Because defendant's motion for Production and Inspection of Grand Jury Transcripts is so intertwined with his motion to dismiss the Indictment, the Court addresses both motions in this Report and Recommendation.

## II.   DISCUSSION

### A.   Motion to Suppress Eyewitness Identifications [Docket No. 33], Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 34] and Motion to Suppress Statements, Admissions, and Answers [Docket No. 38]

Defendant moved to suppress eyewitness identifications, evidence obtained as a result of search and seizure, and defendant's statements.  At the pretrial motions hearing, the Government represented to the Court that no eyewitness identification procedures (including photograph lineups) were utilized, no evidence was seized from defendant and that defendant made no statements, written or recorded.  Accordingly, the Court recommends that these motions be denied.

**B.     Motion to Dismiss the Indictment [Docket No. 35] and Motion for Production and Inspection of Grand Jury Transcripts [Docket No. 36]**

"An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956); see also United States v. Vincent, 901 F.2d 97, 99 (8th Cir. 1990) (quoting United States v. Calandra, 414 U.S. 338 (1974)) (finding that an indictment returned by a legally constituted and unbiased grand jury "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.").

"Where the defendant has alleged prosecutorial misconduct, dismissal of an indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice." United States v. Wadlington, 233 F.3d 1067, 1073-74 (8th Cir. 2000). "[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986)).

Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides an exception to the grand jury secrecy requirement, permitting a court to authorize the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). However, a defendant must make a showing of particularized need for grand jury information. United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) (citing United States v. Knight, 547 F.2d 75, 78 (8th Cir. 1976)).

Defendant acknowledged that the United States Supreme Court has held "that since the grand jury is an independent body, the court's supervisory power is limited and does not include dismissal of the indictment for failure to present exculpatory evidence to the grand jury." Def. Mem. in Support, p. 4 n.1, citing United States v. Williams, 504 U.S. 36 (1992). Nevertheless, defendant submitted that by failing to present evidence of Lussier's confession to the grand jury that would directly negate the guilt of defendant, the Government violated the policy of the United States Department of Justice that "'the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking indictment against such a person.'" Id., pp. 3-4 (quoting United States Attorney's Manual, § 9-11.233.

Defendant's motion for disclosure of the grand jury transcripts and motion to dismiss the Superseding Indictment should be denied. First, although defendant knows that Investigator Trebil was not called before the grand juries and believes that Lussier was not called as a witness before either grand jury, his argument that the Government did not present evidence of Lussier's confession is otherwise entirely speculative. Accordingly, the Court does not find that defendant has made a showing of particularized need for disclosure of the grand jury transcripts.

Second, based on the Court's in camera review of the transcripts of the grand jury proceedings that preceded both the Indictment and Superseding Indictment, along with the presumption of regularity attached to grand jury proceedings, the Court concludes that there is no basis for producing the transcripts to defendant for his inspection, and most importantly, there is no evidence of prosecutorial overreaching or misconduct as alleged by defendant.

For all of these reasons, defendant's motions for Production and Inspection of Grand Jury Transcripts and to Dismiss the Superseding Indictment should be denied.

## III.    RECOMMENDATION

For the reasons set forth above, it is recommended that:

1.    Defendant Solomon Francis Desjarlait's Motion to Dismiss Indictment [Docket No. 35] be DENIED.

2.    Defendant Solomon Francis Desjarlait's Pretrial Motion to Suppress Eyewitness Identifications [Docket No. 33] be DENIED.

3.    Defendant Solomon Francis Desjarlait's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 34] be DENIED.

4.    Defendant Solomon Francis Desjarlait's Pretrial Motion for Production and Inspection of Grand Jury Transcripts [Docket No. 36] be DENIED.

5.    Defendant Solomon Francis Desjarlait's Pretrial Motion to Suppress Statements, Admissions, and Answers [Docket No. 38] be DENIED.


Dated:        September 9, 2010


                                        *s/ Janie S. Mayeron*
                                        JANIE S. MAYERON
                                        United States Magistrate Judge

## <u>NOTICE</u>

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 23, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **September 23, 2010**.